Solomon E. Rubin
vs. } No. 81576.
Abraham Katznelson et al.

### DECISION.
December 4, 1929.

TANNER, J. This is an action at law to recover the amount of a $1,000 deposit on a contract to buy real estate. The case was tried without a jury.

The premises were to be delivered free and clear of all encumbrances, with certain exceptions, and to be conveyed by a warranty deed free of all encumbrances; the transaction to be completed at the Registry of Deeds on or before June 1, 1929. Said time was subsequently extended to June 21, 1929.

The parties met at the agreed time and place and the vendee, while not tendering the amount due on the contract, testified without contradiction that he had part of the purchase money in a bank in Boston and a credit for much more than the balance due on the contract, and that he could have procured a certified check by telephone.

We think that within the rule laid down in *Guilford* vs. *Mason* he was, therefore, ready and willing to pay the purchase price. The vendor tendered the deed free of all encumbrances but had not discharged two mortgages upon the land in question; one of which mortgages was due and the other of which was not due. Neither of said mortgagees was present with discharge of their mortgages. They were called at the trial, however, to testify that they were ready and willing to discharge their mortgages upon payment. This fact, however, does not appear ever to have been communicated to the vendee prior to the trial.

Numerous cases have been cited by both sides bearing upon the law applicable to the case. 57 A. L. R., at page 1383, states:

"While there is some dissent to the rule, it is generally held that, where time is not specifically made the essence of the contract, the vendor's title is not unmarketable because, at the time fixed for closing the contract, there exists against the land an unpaid mortgage or mortgages, providing in amount they are less than the amount due from the vendee, and the vendor is willing to pay the mortgages out of the amount due him, and secure the proper release or discharge thereof in such a way that the act of payment by the vendee and the securing of the discharge or release are practically contemporaneous."

A number of cases are cited by the plaintiff agreeing with the case of *Greenberg* vs. *Lanigan*, 162 N. E. 882, to the effect that even where discharges of mortgages are tendered, the vendee is not obliged to accept the deed unless said mortgages have been paid by the vendor. But even if we accept as law the principles of the cases cited by the defendant, it seems to us that the vendor neither on the date fixed for payment nor within a reasonable time thereafter attempted to bring the mortgagees and the vendee together in such a way that the mortgages may have been discharged even out of the purchase money.

We do not think that the vendee was obliged to accept the offer of counsel for the vendor that he should place the mortgage money in the hands of the Title Guaranty Company for the purpose of clearing the title. This being so, it seems to us that under the cases cited by the plaintiff there has been a mutual discharge and cancellation of the contract which entitles the plaintiff to recover the amount of his deposit, $1000, for which amount we give decision for the plaintiff with interest from the date of the writ.

For plaintiff: Curran, Hart, Gainer & Carr, Hoyt W. Lash.

For defendants: Robinson & Robinson.